UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORAIS A. DICKS and PROGRESSIVE HOMES & DEVELOPMENT INC., individually, and on behalf of all other similarly situated small businesses, consumers and alleged debtors,<br><br>       Plaintiffs,<br><br>  -Against-<br><br>SCRATCH SERVICES, LLC and CROSS RIVER BANK,<br><br>       Defendants. | Civil Action No.: 22-CV-_____<br><br>**NOTICE OF REMOVAL** |

  PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and as authorized by 28 U.S.C. §§ 1441 and 1446, defendant Cross River Bank ("Cross River"), files this Notice of Removal of the civil action brought against Cross River and defendant Scratch Services, LLC ("Scratch" and, together with Cross River, "Defendants") by plaintiffs Morais A. Dicks ("Dicks") and Progressive Homes & Development Inc. ("Progressive") (collectively "Plaintiffs"), in the Supreme Court of the State of New York, Nassau County to the United States District Court for the Eastern District of New York. Cross River appears for the purposes of removal only and for no other purpose. Cross River reserves all defenses and rights available to it, including but not limited to, the right to assert all applicable defenses. For the purposes of removal only, Cross River states as follows:

     **I. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

  1. On February 23, 2022, Plaintiffs filed a lawsuit captioned *Dicks, et al., v. Scratch Services, LLC, et. al*, Index Number: 602306/2022 against Defendants in the Supreme Court of the State of New York, County of Nassau ("State Court Action").

2. On February 24, 2022 Plaintiffs served Cross River with the Summons and Complaint in the State Court Action. On March 2, 2022, Plaintiffs served Scratch with the Summons and Complaint in the State Court Action. This notice is therefore timely pursuant to 28 U.S.C. §1446(b). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the Supreme Court and obtained by Cross River are attached hereto, marked as composite **Exhibit A** and incorporated herein by reference.

## II. JOINDER

3. As evidenced by the Consent to Removal annexed hereto as **Exhibit B**, Scratch consents to the filing of this Notice of Removal. As such, no additional parties need be joined at this time.

## III. ALLEGATIONS OF THE COMPLAINT

4. This action is a putative class action brought by Plaintiffs against Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681[1] et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and New York State's General Business Law § 349 as well as claims for breach of contract and declaratory and injunctive relief in connection with three (3) purported Paycheck Protection Program (PPP) loans. (*See* Complaint ¶¶ 1, 131-317). Plaintiffs allege, *inter alia*, that Defendants "refused to provide loan forgiveness to Plaintiffs regarding" one PPP loan with "Defendant [Cross River], which was processed through third party debt collector and process service company, Defendant [Scratch]" and "collectively engaged in deceptive acts and practices which sought to defraud Plaintiffs by actively seeking collections and reimbursement from Plaintiffs concerning two PPP loans which were obtaind

---

[1] While the Complaint does not contain a separate cause of action under N.Y. Gen. Bus. Law § 380, Plaintiffs' Fourth Cause of Action for Violation of 15 USC § 1681s-2(b) purports to seek "damages arising from…violations of 15 U.S.C. 1681 et seq., commonly known as the Fair Credit Reporting Act ('FCRA'), and N.Y. Gen. Bus. Law § 380 *et seq.* or the Fair Credit Reporting Act (NYFCRA)." (Complaint ¶ 235).

through identity theft and which were not obtained by Plaintiffs with permission or knowledge." (Complaint ¶¶ 87-89).

5. The Complaint seeks, *inter alia*, certification of a class, appointment of Plaintiffs as class representatives, actual damages, statutory damages, punitive and exemplary damages, injunctive relief, declaratory relief, attorneys' fees, costs, and interest. (Complaint, Prayer for Relief).

6. Cross River disputes Plaintiffs' allegations, believes the Complaint lacks merit, and denies that Plaintiffs have been harmed in any way.

## IV. GROUNDS FOR REMOVAL

### Removal Based on Federal Question Jurisdiction

7. This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if federal law creates the cause of action and/or grants federal jurisdiction to hear the case. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Plaintiffs' complaint controls whether federal jurisdiction exists, and any federal issue must be an essential element of the plaintiff's cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-11 (1983).

8. <u>Federal Claims</u>. The first through fourth causes of action ("Federal Claims") in the Complaint allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") (claims 1-3) and the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq. ("FCRA") (claim 4). It is evident from the face of the Complaint that Plaintiffs' federal claims are brought under the FDCPA and FCRA, federal statutes over which federal courts properly exercise original jurisdiction under 28 U.S.C. § 1331. *Kahan v. Chase Bank*, No. 10-CV-335(KAM)(RLM), 2012 WL 947423, at *1 (E.D.N.Y. Mar. 20, 2012)(holding that court had

federal question jurisdiction over action asserting claim pursuant to the Fair Credit Reporting Act); *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 160-61 (E.D.N.Y. 2005) (holding that court had federal question jurisdiction over action alleging six causes of action for violations of the Fair Debt Collection Practices Act); 15 U.S.C. 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy…."); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy…."). Therefore, this Court would have original jurisdiction over this action without regard to the amount in controversy, or diversity of citizenship; the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

9. <u>Supplemental Jurisdiction Over State Claims</u>. Because Plaintiffs set forth a claim arising under federal law, this Court may choose to adjudicate any state-law claims that are transactionally related to the federal claim. 28 U.S.C. § 1367(a). The Complaint asserts causes of action under New York law that arise from the same alleged facts and transactions at issue in the FCRA and FDCPA causes of action. (*See* Complaint ¶¶ 243-298; *see also* ¶¶ 299-317). Furthermore, principles of economy and convenience are served if this Court exercises jurisdiction over the state-law claims. Plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, the Court should exercise supplemental jurisdiction over Plaintiffs' state law causes of action because they form part of the same case or controversy as Plaintiffs' FCRA and FDCPA causes of action.

## V. VENUE

10. Venue is proper in this district because the Eastern District of New York embraces the county where the above action is pending.

## VI. ADDITIONAL REQUIREMENTS

11. In accordance with 28 U.S.C. § 1446(d), Cross River will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Nassau.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1441 and 1446, Defendants hereby give notice that this action has been removed to this Court.

Dated: New York, New York.
March 25, 2022

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By:   s/ Samantha J. Katze
    Samantha J. Katze
    7 Times Square
    New York, NY 10036
    Tel.: (212) 790-4500
    Email: SKatze@manatt.com

*Attorneys for Defendant Cross River Bank*

## CERTIFICATE OF SERVICE

I, Samantha J. Katze, hereby certify pursuant to 28 U.S.C. § 1746 that

1. I am a member in good standing of the Bar of this Court and am a partner with the law firm of Manatt, Phelps & Phillips, LLP, attorneys for Defendant Cross River Bank in the above-captioned action.

2. On this date, I caused true and correct copies of the above Notice of Removal (with Exhibits thereto), Civil Cover Sheet, and Rule 7.1 Corporate Disclosure Statement to be served via FEDEX and email upon:

> Gregory Goodman
> The Law Office of Gregory A. Goodman, P.C.
> 380 North Broadway, Suite 305
> Jericho, New York 11753
> Email: ggoodman@gganylaw.com
> Tel.: (800) 242-3740
> *Attorneys for Plaintiffs*
>
> -and-
>
> Scott J. Hyman
> Alisa A. Givental
> Severson & Werson, A Professional Corporation
> 1 Embarcadero Center #2600
> San Francisco, CA 94111
> Email: aag@severson.com
> Tel. (415) 398-3344
> *Attorneys for Defendant Scratch Services, LLC*

by depositing said documents enclosed in a securely-sealed wrapper, into the custody of FEDEX, in the County and State of New York, for overnight delivery, prior to the latest time designated by FEDEX for overnight delivery.

I hereby certify under the penalty of perjury that the foregoing statements are true and correct. Executed in New York, New York on this 25th day of March, 2022.

s/ Samantha J. Katze
Samantha J. Katze
